USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_11/13/2019\_\_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ISENSEE, Individually and on Behalf of All Others Similarly Situated,

            Plaintiff,

-against-

RESOLUTE ENERGY CORPORATION, RICHARD F. BETZ, NICHOLAS J. SUTTON, JAMES E. DUFFY, TOD C. BENTON, JOSEPH CITARRELLA, WILKIE S. COLYER, THOMAS O. HICKS, JR., GARY L. HULTQUIST, JANET W. PASQUE, ROBERT J. RAYMOND, and WILLIAM K. WHITE,

            Defendants.

19 Civ. 551 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff filed this securities class action on January 18, 2019, alleging the Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 14a-9 promulgated thereunder by Defendants. ECF No. 1. On July 8, 2019, Plaintiff moved to voluntarily dismiss his claims, conceding that they were mooted by supplemental disclosures made by Defendants, but stated that he "intends to assert a claim for attorney['s] fees in connection with" the supplemental disclosures. ECF No. 6. That same day, the Court granted the motion, and ordered Plaintiff to provide the Court with a status letter concerning his proposed fee application by August 8, 2019. ECF No. 7. On August 8, 2019, Plaintiff informed the Court that a similar action had been filed against Defendants in the United States District Court for the District of Delaware, *see In re Resolute Energy Corporation Securities Litigation*, No. 1:19-cv-00077 (D. De.), and in light of that action requested an extension to "provide the Court with an update on his proposed motion seeking an award of attorney['s] fees." ECF No. 8. The Court granted an extension until November 8, 2019. ECF No. 9. On November 8, 2019, Plaintiff filed a status update reiterating his intent to file a motion for attorney's fees, informing the Court that a motion to dismiss was now fully briefed in the Delaware action, and stating that Plaintiff "anticipates that he will provide the Court with an update on his proposed motion seeking an award of attorney['s] fees . . . no later than February 6, 2020." ECF No. 10.

    Federal Rule of Civil Procedure 54(d)(2)(B)(1) requires that "[u]nless a statute or court order provides otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." The Court will, therefore, construe Plaintiff's status letter as a request for a further extension of the deadline to file a motion for attorney's fees. Plaintiff's request, however, does not provide the Court with sufficient information to determine whether a further extension is warranted. Accordingly, it is hereby ORDERED that by **December 12, 2019**, Plaintiff shall file a supplemental letter explaining in greater detail why the pending motion to dismiss in the Delaware

action warrants an extension of time to file a motion for attorney's fees in this action, or stating any additional reasons that an extension of time should be granted.

    SO ORDERED.

Dated: November 13, 2019
       New York, New York

                                      ANALISA TORRES
                                    United States District Judge